**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MAKEBA DEHRON THOMAS, § | | |
| (Reg. #45071-079) § | | |
| § | | |
| Petitioner, § | | |
| vs. § | CIVIL ACTION H-08-0697 | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM ON DISMISSAL**

Petitioner Makeba Dehron Thomas has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his pretrial detention. Based on the record, this case is dismissed as moot. The reasons reasons are set forth below.

**I.      Background**

On April 13, 2005, a jury convicted Thomas of possessing cocaine base with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii). (Criminal Action No. 4:03-cr-330.) On December 14, 2005, the federal district court sentenced Thomas to a prison term of 188 months and a five-year term of supervised release. This judgment was reversed on January 14, 2008. On February 27, 2008, Thomas filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his continued confinement in the Federal Detention Center in Houston. On May 8, 2008, Thomas pleaded guilty to possession with intent to distribute cocaine base.

In this petition, Thomas alleges that his confinement is illegal because he was indicted based on false information; there was a material variance between the evidence presented to the grand jury and the petit jury; the government violated the prohibition against double jeopardy; his court-appointed counsel failed to present a defense; and that the evidence at initial trial was insufficient to sustain his conviction. Thomas argues that all charges should be dismissed because he was wrongfully prosecuted.

**II.     Analysis**

When Thomas filed this petition, he had not yet pleaded guilty. A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. *Powell v. McCormack,* 395 U.S. 486, 496 (1969). In order to establish a case or controversy sufficient to give a federal court jurisdiction over their claims, plaintiffs must satisfy three criteria.

*See Fassler v. United States*, 858 F.2d 1016 (5th Cir. 1988) (because the defendant was legally in federal custody, his request for release from pretrial confinement was moot). This case is dismissed. Because of his conviction on his guilty plea on May 8, 2008, Thomas's petition is moot.

**III.    Conclusion**

Thomas's petition for a writ of habeas corpus is denied. This case is dismissed as moot. All remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)

(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)).  An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.  *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484).  Thomas has not made the showing necessary for issuance of a COA.

SIGNED on June 11, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge